FILED BY _____ D.C.

97 JAN 30 PM 2:27

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DR. TALIB-KARIM MUHAMMAD, | ) |
| Plaintiff, | ) NO. 88-2899-TUV |
| REV. LEO GRAY, et al., | ) |
| Plaintiffs, | ) NO. 90-2093-TUV |
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) NO. 91-2139-TUA |
| MEMPHIS BRANCH OF THE NAACP, | ) |
| Plaintiff-Intervenor, | ) |
| VS. | ) |
| CITY OF MEMPHIS, TENNESSEE, et al., | ) |
| Defendants. | ) |

## PERMANENT INJUNCTION AND FINAL JUDGMENT

These consolidated actions arise under Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973, and under the United States Constitution, raising challenges to the use of at-large seats for election to the Memphis City Council, as well as to the use of a majority-vote requirement for those at-large seats and for the offices of mayor, city court clerk and city court judge for the City of Memphis. On July 26, 1991, this court issued a preliminary injunction against the use of a majority-vote

This document entered on docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 1/30/97

191

requirement for city-wide offices. On April 25, 1995, this court held that the use of at-large seats for election to the Memphis City Council and the use of a majority-vote requirement for city-wide offices violates Section 2 of the Voting Rights Act. The plaintiffs' claims concerning the method of electing the Memphis City Council have been resolved by the Memphis City Charter amendment adopted by popular vote on November 5, 1996.

This order will make permanent the court's July 26, 1991 preliminary injunction and the July 5, 1995 Injunction Decree against city-wide runoff elections so as to fully remedy the statutory violations found by the court.

THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. The defendants, their agents and their successors are permanently enjoined from enforcing a majority vote requirement in municipal elections for city-wide offices of the City of Memphis, including the offices of mayor, city court clerk and city court judge.

2. All remaining claims are dismissed. The entry of this order constitutes final judgment in these actions.

IT IS SO ORDERED this 29th day of January, 1997.

JEROME TURNER
UNITED STATES DISTRICT JUDGE

2